PEKIN INSURANCE COMPANY, Plaintiff-Appellee, v. DWIGHT BUCY et al., Defendants-Appellants.

Third District    No. 80-574

Opinion filed October 22, 1981.

James T. Moreno, of Abingdon, for appellants.

Burrel Barash, of Barash, Stoerzbach & Henson, of Galesburg, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

Defendants Gerald Stone, Deanna Stone, and Jennifer Stone appeal from a declaratory judgment which held that defendant Dwight Bucy's liability policy with plaintiff Pekin Insurance Company was cancelled as of February 1, 1976, and, hence, did not provide coverage for an accident occurring on February 15, 1976.

Defendant Bucy was the owner of a service station, car wash, and motel business in Astoria, Illinois. In conjunction with this business he was also a retail dealer for certain three wheel vehicles known as Owosso Explorers. One such Explorer was purchased from Bucy by Gerald and Deanna Stone in August 1975, and on February 15, 1976, Deanna Stone and her daughter Jennifer were injured when the Stones' Explorer, which Deanna was operating, turned over while going around a curve. The Stones filed suit against Bucy, alleging in part that the vehicle was defective. Bucy's insurer, Pekin Insurance Company, furnished Bucy a defense with a reservation of rights, and then filed the declaratory judgment action herein considered in the circuit court of Knox County, contending that Bucy's liability policy did not afford coverage on the date of the accident because Bucy had cancelled the policy on February 1, 1976.

According to the record of the trial court proceedings, Bucy had agreed in January of 1976 to sell his business to Paul Marenda, who took possession on February 1, 1976. A few days before February 1, Bucy called his insurance agent, Ralph Matheny of France Insurance Agency, to tell him of the impending sale and to request that his liability insurance policy be cancelled (as well as other policies not here involved) as of February 1. Matheny directed his secretary-bookkeeper, Mrs. Carolyn Severn, to send a cancellation notice to Pekin Insurance Company. The secretary prepared the request for cancellation, signed Bucy's name at the bottom of the form and mailed it to Pekin. She testified at trial that she prepared and mailed the form on February 1, and that she always typed, signed and dated requests for termination on the same day.

Pekin mailed back to France Insurance Agency a notice of policy termination dated March 2, 1976, which indicated that Bucy was entitled to credit for an "unearned premium" of $81.40 computed from February 1, 1976. The bookkeeper made the appropriate entries in the France Insurance Agency books reflecting the credit. Those entries were dated

March 3, 1976. The department head of Pekin Insurance Company who was responsible for handling requests for cancellation testified that there is not more than a day or two time lapse between the time a request for cancellation is received and the notice with unearned premium is sent out. He also verified that the refund to Bucy was computed on the basis of a policy termination date of February 1, 1976. Bucy did not testify at trial.

The trial court found that the policy was terminated on February 1, 1976, and that Pekin was not obliged to provide coverage. The Stones have appealed.

■■■ The first contention is that the court erred in concluding that the policy was cancelled on February 1, 1976, when France Insurance Agency's request for cancellation was stamped as received by Pekin on March 1, 1976, and Pekin's notice of cancellation sent back to France Insurance Agency was dated March 2, 1976. The Stones also insist that the fact that February 1 was a Sunday in 1976 has a great bearing. However, that point was not mentioned in the trial court and so none of the witnesses were asked to explain the fact. This is strictly a factual issue. Mrs. Severn testified in a very positive manner that she prepared and mailed the request on February 1. No one contradicted her testimony directly, although there was evidence to indicate that Pekin did not receive or process that request until March 2. Pekin Insurance Company gave credit for unearned premium computed from February 1. This, of course, is the classic situation for a trier of fact to view the witnesses, weigh the evidence, draw those inferences that seem reasonable, and make a finding. A reviewing court will not substitute its judgment for that of the trier of fact unless the holding of the trial court is manifestly against the weight of the evidence. (*Schulenburg v. Signatrol, Inc.* (1967), 37 Ill. 2d 352, 226 N.E.2d 624.) We cannot say that the trial court's finding in this case was erroneous.

■■ The Stones also argue that the request for cancellation mailed on February 1, seeking termination as of February 1, was not sufficient to terminate the policy because the policy itself required written notice "stating when thereafter the cancellation shall be effective." In other words, it is argued that the date of cancellation has to be a date after the date of the request. We do not accept that argument. Similar policy provisions have been held to permit a cancellation effective the date of the notice. (*Nobile v. Travelers Indemnity Co.* (1958), 4 N.Y.2d 536, 176 N.Y.S.2d 585; *State Farm Mut. Automobile Ins. Co. v. Pederson* (1947), 185 Va. 941, 41 S.E.2d 64.) We agree with those authorities.

■■ Another contention advanced by the Stones is that Bucy's request was not effective because he did not sign it himself. The insurance policy provides that one acceptable method for the insured to cancel the policy is "by mailing to the company written notice stating when thereafter the cancellation shall be effective." This provision does not require that the

written notice be signed by the insured himself, so we believe the fact that France Insurance Agency sent the notice upon Bucy's behalf would not invalidate the notice. Furthermore, Matheny testified that he was an agent for Pekin Insurance Company. Numerous cases have held that notice of cancellation to an agent clothed with apparent authority to act for an insurance company is notice to the company. (*E.g.*, *State Farm Mut. Auto. Ins. Co. v. Miller* (1953), 194 Va. 589, 74 S.E.2d 145.) Since Matheny appeared to have authority to act for Pekin, we can see no error in the trial court's ruling.

For the reasons stated, we affirm the judgment of the circuit court of Knox County.

Affirmed.

SCOTT, P. J., and ALLOY, J., concur.